# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MICHAEL CLEMENT MANOSH,

                           Plaintiff,

    v.                                               6:14-CV-1484
                                                                  (GTS/ATB)

LILLIAN COOPER (LANDLORD),

                           Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MICHAEL CLEMENT MANOSH
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Michael Clement Manosh.[1] (Dkt. Nos. 1, 2).

## I. **IFP Application**

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious;

---

[1] The caption of the complaint states that "plaintiff" is "National Guard U.S. Army Agency." (Dkt. No. 1 at 1). However, the section entitled "PARTIES" lists the plaintiff as Mr. Michael Clement Manosh. (*Id.*) The court cannot fathom how the National Guard would be the plaintiff in this action; thus, the court has substituted Mr. Manosh in the caption.

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff alleges that he was illegally evicted from his apartment, and that defendant took him to "criminal court," alleging that plaintiff committed a misdemeanor. (Complaint "Compl." at 1). Plaintiff states that the rental office did not give him a lease when "upon initial entry" to his apartment, and the owner made plaintiff responsible for all the cleaning. (Compl. ¶ 5). For a more complete statement of plaintiff's claim, the court makes reference to the complaint.[2]

## III. Jurisdiction

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id.*

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise

---

[2] All of plaintiff's factual allegations are related to his illegal eviction, and the court need not repeat them herein for purposes of this recommendation. Plaintiff includes random statements, claiming that he donated 2 ½ million dollars to "St. Jude's Children's Charity for Cancer." (Compl. ¶ 5). He also states that he pled guilty to the criminal charges, and then he tried to go back to his apartment, but the rental office told him he had been evicted.

3

the strongest arguments suggested therein). Thus, the court will consider possible bases for plaintiff's assertion of jurisdiction.

### B. Civil Rights Claims

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff filed this complaint on a form reserved for civil rights actions under 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct

4

that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

In this case, the defendant appears to be plaintiff's landlord. However, it is unclear whether the defendant is an individual named "Lillian Cooper" or an entity.[3] There is absolutely no claim that defendant, individual or entity, acted under color of state law for purposes of section 1983.[4] There is no claim that defendant acted with the coercive power of the state or conspired with a state actor to evict plaintiff. Generally, there is no state action in eviction by a private landlord. *Foster v. New Horizons Assoc.*, No. 88 Civ. 5784, 1990 WL 124534, at *1 (S.D.N.Y. Aug. 17, 1990).

Plaintiff does alleges that his landlord took him to court and had him charged with a misdemeanor. However, filing a complaint with law enforcement that results in an individual's arrest or prosecution is insufficient in itself to establish state action. *Bravo v. Bexar County, TX*, No. 12-CV-4009, 2014 WL 1155302, at *6 (E.D.N.Y. Mar. 21, 2014) (citing inter alia *D'Agostino v. New York State Liquor Auth*., 913 F. Supp. 757, 770 (W.D.N.Y. 1996) (it is uniformly recognized that a private party does not

---

[3] A Google search of Lillian Cooper indicates that Lillian Y. Cooper Memorial Apartments is an entity, managed by Buck Property Management and owned by Lillian Cooper Housing Development Corp. section-8-housing.findthebest.com/l/5101/Lillian-Y-Cooper-Memorial-Apartments.

[4] The court also notes that Lillian Y. Cooper Memorial Apartments participates in the Section 8 Housing program. Section 8 of the United States Housing Act, 42 U.S.C. § 1437f. Section 8 is a federal housing assistance program that provides subsidized rental assistance paid to private landlords pursuant to the statute on behalf of low income renters. *See MHANY Management, Inc. v. Incorp. Village of Garden City*, 985 F. Supp. 2d 390, 398 (E.D.N.Y. 2013).

conspire or act jointly with a state actor simply by complaining to the police)); *Young v. Suffolk County*, 705 F. Supp. 2d 183, 196 (E.D.N.Y. 2010). *See also Miller v. Hartwood Apts.*, 689 F.2d 1239, 1242 (5th Cir. 1982) (eviction from section 8 housing was not under state or federal law when there were no state officials or state laws involved in the operation of the apartment complex from which the tenants had been evicted). In *Miller*, the court also held that the use of state court process by the landlord cannot support a section 1983 claim. 689 F.2d at 1242. *See also McGuane v. Chenango Court, Inc.*, 431 F.2d 1189, 1190-91 (2d Cir. 1970). Plaintiff has not alleged that any state officials are involved in the day-to-day operation of his apartment complex, nor has he indicated any state involvement at all. Thus, plaintiff has not alleged facts sufficient to state a claim under section 1983 as the complaint is currently written.

**C.  State Law**

To the extent that plaintiff seeks to have the court intervene in his dispute regarding landlord-tenant issues, this court is without jurisdiction to grant plaintiff the relief he is seeking. *Lee v. HSBC Mortg. Corp., U.S.A.*, No. 14-CV-584, 2014 WL 795766, at *2 (E.D.N.Y. Feb. 27, 2014). The landlord-tenant relationship is fundamentally a matter of state law. *Id.* (citing inter alia *Oliver v. N.Y.C. Hous. Auth.*, No. 10-CV-3204, 2011 WL 839110, at *3 (E.D.N.Y. Mar. 2, 2011) (federal court lacks subject matter jurisdiction over actions relating to an eviction).

Tenants in "public housing," however, cannot be deprived of continued tenancy without the due process of law. *Oliver*, 2011 WL 839110, at *3 (citing *Escalera v. N.Y.*

*City Hous. Auth.*, 425 F.2d 853, 861 (1970)). Plaintiff alleges that he was not given a lease when he initially moved into the apartment and was told that he was responsible for cleaning the apartment. (Compl. at ¶ 5). He talks about paying rent every month and then having to take legal action to save himself from eviction. (*Id.*) Plaintiff states that there were more "violations of [the] lease under his door, that the fire marshal "issued a warrant for his arrest," and that he pled guilty to some misdemeanor charges. (*Id.*) Plaintiff does not state in any coherent way how his due process rights may have been violated by the defendant landlord, even if the landlord acted under color of state law. Thus, this court will recommend dismissal of the complaint.

**IV.    Opportunity to Amend**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Because the facts of plaintiff's eviction are completely unclear, and it appears that defendant does not act under color of state law this court is recommending dismissal. However, the court cannot rule out the possibility that plaintiff could amend his complaint to state a viable section 1983 action if the defendant were somehow a state actor, and if so, whether he could clarify how he believes that his constitutional rights were violated. Thus, the court will recommend dismissal without prejudice to filing an amended complaint.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application to proceed IFP (Dkt. No. 2) is

**GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, that plaintiff be afforded forty-five (45) days to submit an amended complaint that may be sent to me for review and order.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 15, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge